UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESTER STANLEY FOLSOM,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SHASTA, et al.,<br><br>Defendants. | No. 2:21-cv-0186 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff has paid the filing fee. Before the court is plaintiff's complaint for screening. For the reasons set forth below, this court finds plaintiff fails to state any cognizable claims for relief. Plaintiff will be given an opportunity to file an amended complaint.

**SCREENING**

**I. Legal Standards for Civil Rights Complaints**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**II. Analysis**

   **A. Allegations of the Complaint**

Plaintiff is incarcerated at the Lassen County Jail.[1] He identifies the following defendants: (1) Shasta County; (2) Shasta County Jail ("Jail"); and (3) Shasta County Sheriff ("Sheriff").

Plaintiff first alleges that the Sheriff does not "provide or offer local parole." He cites California Penal Code §§ 3074-3089 in support of that claim. Those sections provide for the make-up and conduct of County Boards of Parole. Section 3076 requires each Board to create rules and regulations setting out the grounds for providing a prisoner parole. That section further requires correctional facilities to post these rules and regulations in a conspicuous place or provide each inmate with a copy. Under section 3077, a prisoner may only seek parole from the Board of Parole in the county that sentenced him.

In his second claim, plaintiff alleges that Shasta County is housing him in a facility that does not follow the rules regarding COVID-19 safety. He states that new inmates of the Lassen County Jail are not quarantined before being placed in dorms with other inmates.

For relief, plaintiff seeks damages.

   **B. Does Plaintiff State Cognizable Claims?**

      **1. Failure to Offer Parole**

Plaintiff appears to be alleging that he is unable to seek parole from defendants[2] because they do not permit parole. He appears to further allege that the Penal Code sections he cites require defendants to do so. Whether or not the Sheriff and Shasta County entities are complying with state law is not an issue that may be raised in a § 1983 action in this court. Cf. Ransom v. Adams, 313 F. App'x 948, 949 (9th Cir. 2009) (affirming dismissal of petitioner's claim that he was entitled to compassionate release because an assertion that state officials failed to follow state law is not cognizable in federal court). In a § 1983 action, plaintiff may only allege claims that a

---

[1] It appears that plaintiff has been convicted and is a prisoner. If plaintiff is a pre-trial detainee, he shall so inform the court in his amended complaint.

[2] This court assumes plaintiff was sentenced in Shasta County. See Cal. Penal Code § 3077.

3

defendant has violated his rights under the United States Constitution.  Because plaintiff fails to do so, and because this court finds no basis upon which plaintiff could amend this claim to do so, this court will recommend plaintiff's first claim be dismissed.

### 2. Failure to Protect

Prison officials have a duty to protect inmates from serious communicable diseases.  See e.g., Helling v. McKinney, 509 U.S. 25, 33 (1993) (finding prison officials may not "be deliberately indifferent to the exposure of inmates to a serious, communicable disease"); Hutto v. Finney, 437 U.S. 678, 682-83 (1978) (affirming a finding of an Eighth Amendment violation where a facility housed individuals in crowded cells with others suffering from infectious diseases, such as Hepatitis and venereal disease, and the individuals' "mattresses were removed and jumbled together each morning, then returned to the cells at random in the evening"); Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007) (recognizing a cause of action under the Eighth Amendment and 42 U.S.C. § 1983 for an alleged policy of not screening inmates for infectious diseases - HIV, Hepatitis C, and Heliobacter pylori - and for housing contagious and healthy individuals together during a known "epidemic of hepatitis C"); Maney v. Hall, —— F. Supp. 2d ——, 2021 WL 354384, at *12 (D. Or. Feb. 2, 2021) (citing cases recognizing prison officials' duty to protect inmates from exposure to communicable diseases under the Eighth Amendment).  There is no question that COVID-19 is a serious communicable disease and courts have so held.  See Plata v. Newsom, 445 F.Supp.3d 557, 559 (N.D. Cal. 2020) ("[N]o one questions that [COVID-19] poses a substantial risk of serious harm" to prisoners.); Kuykendall v. Superior Ct. of California, No. 2:20-cv-1590 KJN P, 2020 WL 6582163, at *3 (E.D. Cal. Nov. 10, 2020)

However, plaintiff has not alleged facts demonstrating that he has been subjected to a high risk of exposure to COVID-19.  Plaintiff states only that new arrestees, who he does not allege tested positive for the virus, were not quarantined upon their admission to the jail.  Plaintiff fails to show that he has been subjected to close contact with inmates who have tested positive.

To prove an Eighth Amendment violation, plaintiff must show more than negligence on the part of defendants.  Rather, he must show that defendants took actions in deliberate

indifference to the serious health consequences to plaintiff. Plaintiff will be permitted to amend his complaint to try to allege facts that might meet this standard.

### 3. Link Between Defendants and Harm to Plaintiff

To state a claim under § 1983, plaintiff must show that each defendant took an action that caused plaintiff harm. Plaintiff identifies two defendants who are entities, rather than individuals. In order to show those entities were responsible for harm to him, plaintiff must show that each one had responsibility for putting in place a policy or procedure that exposed plaintiff to COVID-19. Plaintiff must describe just what the policy or procedure did, or did not do, that made it more likely plaintiff could contract COVID-19.

Plaintiff must also allege facts showing that each defendant knew, or should have known, when the policy or procedure was enacted that it placed plaintiff at serious risk of harm. In other words, plaintiff must allege specific facts that show defendants were deliberately indifferent to the risk to plaintiff of contracting COVID-19.

**C. Conclusion**

Above, this court finds plaintiff fails to state any claims for relief under 42 U.S.C. § 1983. Plaintiff will be given an opportunity to amend the complaint.

In an amended complaint, plaintiff must address the problems with his complaint that are explained above. Plaintiff is advised that in an amended complaint they must clearly identify each defendant and the action that defendant took that violated plaintiff's constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of the claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who

1    personally participated in a substantial way in depriving plaintiff of a federal constitutional right.
2    Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation
3    of a constitutional right if he does an act, participates in another's act or omits to perform an act
4    he is legally required to do that causes the alleged deprivation).  "Vague and conclusory
5    allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of
6    Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

   In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

   The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

   An amended complaint must be complete in itself without reference to any prior pleading.  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.  By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

   For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

   1. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.
   2. Plaintiff is granted sixty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

1     docket number assigned this case and must be labeled "First Amended Complaint;"

2     failure to file an amended complaint in accordance with this order may result in a

3     recommendation that this action be dismissed.

4   3. The Clerk of the Court is directed to: (a) send plaintiff a copy of the prisoner complaint

5     form used in this district; and (b) randomly assign a district judge to this case.

6   Further, IT IS RECOMMENDED that plaintiff's claim that defendants do not offer parole be

7 dismissed.

8   These findings and recommendations will be submitted to the United States District Judge

9 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after

10 being served with these findings and recommendations, plaintiff may file written objections with

11 the court. The document should be captioned "Objections to Magistrate Judge's Findings and

12 Recommendations." Plaintiff is advised that failure to file objections within the specified time

13 may result in waiver of the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d

14 1153 (9th Cir. 1991).

15 Dated: March 16, 2021

                        DEBORAH BARNES
                        UNITED STATES MAGISTRATE JUDGE

21 DLB:9
DB/prisoner-civil rights/fols0186.scrn LTA